No. 3714

Second Circuit

CHILTON v. LA. CENT. LBR. CO.

(December 31, 1929. Opinion and Decree.)
(January 31, 1930. Rehearing Refused.)
(March 10th, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

Julius T. Long of Shreveport, attorney for plaintiff, appellant.

Thornton, Gist & Richey of Alexandria, attorneys for defendant, appellee.

WEBB, J. Plaintiff instituted this action to recover compensation for disability alleged to have resulted from an accidental injury sustained by him while in the course of his employment with defendant.

He alleged that, on or about December 8th, 1927, while he was superintending construction work on a tram road operated by defendant, he had fallen from a bridge a distance of about twelve feet to the ground, striking his head against a snag or stump and causing a wound on the left side of his head which had rendered him unconscious for a short time, but that he had not regarded the injury as serious, but that on the 28th of November, 1928, he suffered a stroke of apoplexy which had permanently and totally disabled him, and he alleged that the stroke of apoplexy was the result of the accident on September 8th 1927.

The action was filed on January 3rd, 1929, and defendant excepted that no notice had been given of the alleged accident within six months after the alleged date as required by the statute, (Sec. 11, Act No. 20 of 1914, as amended by Act No. 243 of 1916) and further, that the action was barred by the prescription of one year under the statute (Sec. 31), and under reservation of its rights under the exceptions, defendant answered denying that plaintiff had sustained any serious in-

jury at the time of the accident, and while admitting that plaintiff had suffered an apoplectic stroke as alleged, denied that it was caused by any injury sustained while in its employ.

On trial judgment was rendered rejecting plaintiff's demands, and he appeals.

The exceptions were not passed upon by the trial court and are not urged here, and the only question argued by counsel is whether or not the evidence established that the injury sustained on the 8th of September, 1927, had caused the condition or the illness on November 28th, 1928.

It was shown that neither plaintiff nor the physician who attended plaintiff following the accident on September 8th, 1927, thought that plaintiff had sustained any serious injury, and while plaintiff alleged that he suffered a stroke of apoplexy on November 28th, 1928, as the result of the injury sustained on the date of the accident, the physicians called by him stated that they were of the opinion that plaintiff had not suffered a stroke of apoplexy as the result of the injury, but that they were of the opinion that the fall may have caused an injury of the brain from which a blood clot had formed and finally resulting in a stroke of paralysis on November 28th, 1928.

There was not any evidence of an injury of the brain, and the deduction of the physicians that there was such an injury is based upon their conclusion that plaintiff did not suffer a stroke of apoplexy, but had suffered a stroke of paralysis which could be accounted for on the theory that the fall may have caused an injury of the brain from which a blood clot had formed.

However, the physicians who attended plaintiff on November 28th, 1928, expressed the opinion that he had an apoplectic stroke on that date, and the majority of the physicians called also expressed the same opinion, and it was shown that plaintiff had at that time and since high blood pressure and a disease of the arteries, which all of the physicians admit often foreshadows an apoplectic stroke. The great preponderance of the evidence also shows that if the injury sustained on September 8th, 1927, had caused the formation of a blood clot on the brain, finally resulting in paralysis, that the right side of plaintiff's body would have been affected and not the left, as the evidence clearly established was the case after the illness of November 28th, 1928.

There was some evidence that, if plaintiff had high blood pressure and hardening of the arteries on the date of the accident, September 8th, 1927, the fall may have accelerated the condition. It was not shown that the condition existed on the date of the accident and the physicians who stated that the fall may have accelerated such condition expressed the opinion that if the condition existed on that date and was accelerated by the accident, plaintiff would not have been able to continue to work for more than a year after the accident.

The evidence established that plaintiff suffered a stroke of apoplexy on November 28th, 1928, and that at the time there existed a condition, high blood pressure and hardening of the arteries, which fully accounts for the illness suffered by plaintiff, and we are of the opinion that the evidence failed to establish any connection between the accident on September 8th, 1927, and the illness of plaintiff on November 28th, 1928, and the judgment appealed from is affirmed.